**FILED**
**U.S. District Court**
**District of Kansas**

01/23/2026

**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT J. COOK, )
                                        )
                     Petitioner, )
                                        )
v. ) Case No. 25-3210-JWL
                                        )
DOUGLAS J. CURTIS, Commandant, )
United States Disciplinary Barracks, )
                                        )
                     Respondent. )
                                        )
_____)

## MEMORANDUM AND ORDER

Petitioner, a military prisoner acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the denial of credit against his sentence for certain time spent on Mandatory Supervised Release (MSR). The Court ordered supplemental briefing, and the matter is now ripe for ruling. For the reasons set forth below, the Court **denies** the petition.

When petitioner's MSR was revoked by the Naval Clemency and Parole Board (NCPB) as a result of multiple violations of the terms of his release, he was denied credit for a portion of his time on MSR (his "street time"), specifically the period from January 1, 2023, to March 21, 2024. Petitioner claims that the forfeiture of his time on MSR prior to April 13, 2023 – the date on which petitioner concedes one violation began – was

arbitrary and capricious because he was compliant prior to that date and there was no evidence to the contrary. Petitioner thus seeks restoration of a portion of the forfeited time.[1]

The parties agree that petitioner must show that the NCPB's decision was arbitrary and capricious. The Tenth Circuit has explained the applicable standard as follows:

> Judicial review of Parole Board decisions is narrow. The Commission's decision will stand unless it is arbitrary and capricious. It is not the function of courts to review the Board's discretion in denying parole or to repass on the credibility of reports received by the Board in making its determination. A reviewing court must make some inquiry into the factual basis for the Commission's decision. But the inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.

*See Peltier v. Booker*, 348 F.3d 888, 892-93 (10th Cir. 2003) (citations and internal quotations omitted); *see also D'Agnese v. United States Navy Clemency & Parole Bd.*, 2006 WL 1410030, at *1-2 (D. Kan. May 23, 2006) (quoting and applying that standard from *Peltier* in reviewing a denial of street time credit by the NCPB after a revocation of parole).

Respondent does not dispute that, pursuant to applicable Department of Defense policies, such a forfeiture of street time upon revocation of MSR must be tied to the date of a violation. Respondent also concedes that the earliest violation date supported by documented evidence is April 13, 2023, when petitioner used a prohibited phone application. Respondent relies, however, on the applicable policies' provision that the

---

[1] Petitioner confirms in his petition that he is not challenging the revocation of his MSR, but rather challenges only the date of his non-compliance on which the NC&PB relied in denying credit for the period beginning January 1, 2023.

nature and seriousness of the misconduct will be considered in determining whether the supervisee was ever in material compliance with the terms of supervision.

Respondent has submitted evidence (in the form of a declaration from the NCPB's President) that the NCPB determined that the nature and seriousness of petitioner's violations (a) provided evidence that petitioner's violations also occurred prior to the documented violation date of April 13, 2023; (b) cast sufficient doubt on any claim that petitioner was ever in material compliance with the terms of his release; and (c) warranted forfeiture of petitioner's street time back to January 1, 2023, to provide accountability for the violations. That determination was not arbitrary and capricious and was supported by a rational basis, namely, the evidence of the petitioner's violations – including evidence that petitioner (a convicted sex offender) impersonated a minor female child online to attract other minors and that he effectively absconded supervision by living in an unapproved residence with unsupervised access to children.

The Court thus concludes, under the narrow standard of review that it must apply, that there is no basis to overturn the NCPB's decision to deny street time credit to petitioner back to January 1, 2023, as a result his violations of the terms of his supervised release. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of January, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge
